IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 3:05cv302-MHT |
| | ) | (WO) |
| BYRON KEITH GREATHOUSE | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter is before the court on a motion by federal inmate Byron Keith Greathouse ("Greathouse") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On January 16, 2004, pursuant to plea agreement, Greathouse pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On April 20, 2004, the court sentenced Greathouse to 84 months in prison. Judgment was entered on April 26, 2004. Greathouse did not appeal.

On March 28, 2005,[1] Greathouse filed this § 2255 motion (Doc. No. 1), asserting the following claims:

1. He did not receive proper credit at sentencing for his acceptance of responsibility.

---

[1] Although the instant motion was date-stamped "received" in this court on April 4, 2005, it was signed by Greathouse on March 28, 2005. Under the "mailbox rule," a *pro se* inmate's motion is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the § 2255 motion] was delivered to prison authorities the day [Greathouse] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Accordingly, the court deems March 28, 2005, as the date of filing.

2. The enhancement of his offense level based on offense characteristics not alleged in the indictment and for which he was not convicted violated his Sixth Amendment rights.

3. His counsel rendered ineffective assistance by failing to raise and preserve for appellate review a claim that his offense level was enhanced in violation of *United States v. Booker*, 543 U.S. 220 (2005).

The government responds that Greathouse is entitled to no relief because his claims are either procedurally barred or without merit.[2] (Doc. No. 4 at 7-15.) Greathouse was afforded an opportunity to respond to the government's submission, but he has failed to do so. After due consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

**A.    Credit for Acceptance of Responsibility**

Greathouse contends that the plea agreement provided that he would receive a three-point reduction in his offense level at sentencing, but that he in fact received only a two-point

---

[2]The government also argues that this court should not consider Greathouse's claims because the plea agreement contained a waiver of both his right to appeal the conviction and his right to challenge the sentence, either through appeal or collateral attack. (Doc. No. 4 at 7.) The plea agreement reserved to Greathouse the right to claim ineffective assistance of counsel in an appeal or post-conviction proceeding. (Doc. No. 4, Attachment 2, *Plea Agreement*, at 6-7.) Because the court finds that Greathouse's claims are either otherwise procedurally barred or meritless, the court pretermits consideration of the government's argument that the claims are barred by the waiver provision in the plea agreement.

reduction. (Doc. No. 1 at 4.)

Greathouse did not file an appeal and, thus, this claim was not raised on direct appeal. Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally barred in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). A movant can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Mills*, 36 F.3d at 1055.

Greathouse makes no attempt to demonstrate cause for failing to raise this claim on direct appeal. Thus, the claim is procedurally defaulted. *See Frady*, 456 U.S. at 167-68; *Mills*, 36 F.3d at 1055. Notwithstanding the procedural default, this court could still reach the merits of the claim if Greathouse established that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Greathouse does not assert that he is actually innocent of the crime for which he was convicted or that the "actual innocence" exception to the cause and prejudice requirement applies to this claim. Consequently, this court will not review Greathouse's defaulted claim that he did not receive proper credit at sentencing for his acceptance of responsibility.

Even if this court were to review this claim, Greathouse would be entitled to no relief. Greathouse's assertion to the contrary notwithstanding, the record clearly reflects that

3

Greathouse received a three-point reduction in his offense level at sentencing. (Doc. No. 4, Attachment 4, *Sentencing Hearing*, at 2-3 & 8-9.)

**B.     Sixth Amendment Violation at Sentencing**

Greathouse contends that the district court's enhancement of his offense level based on offense characteristics not alleged in the indictment and for which he was not convicted violated his Sixth Amendment rights.[3] (Doc. No. 1 at 4.)

Because this claim was not raised on direct appeal, Greathouse can avoid a procedural bar only by showing cause for his failure to raise the claim and actual prejudice that resulted. *Frady*, 456 U.S. at 167-68 (1982); *Mills*, 36 F.3d at 1055. This claim is only cursorily asserted in Greathouse's motion, and it is not clear whether Greathouse intends by it to raise a substantive claim under *United States v. Booker*, 543 U.S. 220 (2005),[4] or whether his allegation of a Sixth Amendment violation is premised on some other ground. To the extent that Greathouse bases the claim on grounds other than *Booker*, the claim is defaulted, because Greathouse makes no attempt to demonstrate cause for failing to raise such a claim on direct appeal. *Frady*, 456 U.S. at 167-68; *Mills*, 36 F.3d at 1055.

---

[3]In applying the Sentencing Guidelines to Greathouse's sentence, the district court increased his offense level by three levels because he used the firearm to shoot Willie Cortez Hart, who sustained a degree of injury between permanent or life-threatening and serious bodily injury. *See* U.S.S.G. § 2A2.1(b)(1)(C).

[4]In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. *See* 543 U.S. at 231-45. As a remedy in *Booker*, the Court rendered the Federal Sentencing Guidelines "effectively advisory." *Id*. at 259.

Assuming that Greathouse intends here to raise a substantive *Booker* claim, the court notes that Greathouse's conviction became final on May 6, 2004 – ten days after the district court's April 26, 2004, entry of judgment.[5] *Booker* was decided on January 12, 2005 – several months after Greathouse's conviction became final. The Eleventh Circuit has held that *Booker* is not retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *see also In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005). Accordingly, Greathouse is not entitled to relief based on any Sixth Amendment claim that may arise under the holding in *Booker*.

**C.     Counsel's Failure to Raise *Booker* Claim**

Greathouse contends that his counsel rendered ineffective assistance by failing to raise and preserve for appellate review a claim that his offense level was enhanced in violation of *United States v. Booker*, 543 U.S. 220 (2005). (Doc. No. 1 at 6.)

To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

---

[5]*See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Greathouse's sentencing took place on April 20, 2004, and, as noted above, his conviction became final well before *Booker* was decided. It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it." *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

Greathouse's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Booker*. Consequently, Greathouse has not established that his counsel's failure to a raise a *Booker* claim fell below an objective standard of reasonableness, and Greathouse

6

is entitled to no relief based on this claim of ineffective assistance of counsel. *See Strickland*, *supra*, 466 U.S. at 688.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Greathouse be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 13, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 1st day of May, 2007.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE